IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIARE LAMAR BROWN,     :
    Petitioner     :
  v.         : Case No. 3:23-cv-70-KAP
MELISSA HAINSWORTH, WARDEN, :
S.C.I. LAUREL HIGHLANDS,   :
    Respondent    :

<u>Memorandum Order</u>

Petitioner Brown is an inmate at S.C.I. Laurel Highlands who filed a petition dated April 13, 2023 seeking a writ of habeas corpus discharging him from custody pursuant to two sentences imposed on him in the Court of Common Pleas of Lycoming County at <u>Commonwealth v. Brown</u>, CP-41-CR-1017-2018 (C.P.Lycoming) and <u>Commonwealth v. Brown</u>, CP-41-CR-1095-2021 (C.P.Lycoming).

Both custom and Rule 2(e) of the Rules Governing Section 2254 Cases require that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." The remedy for a violation of Habeas Rule 2(e) is to dismiss without prejudice or sever the petition into two separate petitions, unless judicial economy counsels otherwise. *See* <u>Lynch v. Garman</u>, 2018 WL 5984850 (E.D. Pa. Oct. 15, 2018)(collecting cases), *report and recommendation adopted*, 2018 WL 5978113 (E.D. Pa. Nov. 14, 2018). For the reasons explained below I resolve both matters here.

Initially, most of the claims in the petition are undeveloped sentence fragments repeating tropes from the sovereign citizen literature, *see generally* <u>United States v. Cook</u>, 2019 WL 2721305 at *2 (E.D. Tenn. June 28, 2019), and are directed to both criminal matters without any distinction. Brown claims that he is entitled to "sovereign immunity" and that he was charged as a "corporate fictitious" entity, as distinct from the "flesh and blood man" who spells his name in the now common parse syntax form "Niare-Lamar: Brown," using a hyphen between the first and middle name and a colon before the surname. Brown's first three claims present no basis for relief.

Rule 2(c) of the Rules governing Habeas Corpus Cases under Section 2254 in the United States District Courts, 42 U.S.C.§, also applicable to Habeas Corpus Cases under Section 2241 by Rule 1(b), requires a petitioner to set forth in the petition all the claims and the facts that support those claims. *See also* <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005)(quoting with approval the Advisory Committee's Note on Habeas Corpus Rule 4, that "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). This is

because a habeas petition is not a criminal proceeding against the petitioner where the rules are primarily structured to safeguard the petitioner, it is a civil action against petitioner's jailer in which the petitioner bears the burden of attacking his conviction. *See* Ryan v. Gonzales, 568 U.S. 57, 73 (2013). Habeas proceedings exist to remedy extreme malfunctions in state court prosecutions, Harrington v. Richter, 562 U.S. 86, 102 (2011), and setting aside Brown's fourth claim that he was denied the violation of the right to represent himself, his petition does not make allegations of fact that if correct would show an extreme malfunction. A petition is not the opening salvo in an iterative attempt to develop such claims.

The respondent asserts that the petition attacking the sentence in Commonwealth v. Brown, CP-41-CR-1017-2018 (C.P.Lycoming) is untimely. This is incorrect. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) contains a statute of limitations at 28 U.S.C.§ 2244(d) that, with limited exceptions, requires a petition for a writ of habeas corpus under 28 U.S.C.§ 2254 to be filed within one year of the date the petitioner's judgment of sentence becomes final:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

That 1-year limitations period is tolled when a properly filed application for state collateral review is "pending." 28 U.S.C.§ 2244(d)(2).  In addition to that statutory tolling, the Supreme Court recognizes equitable tolling of the limitations period in habeas cases if petitioner can show extraordinary circumstances, that is: 1) petitioner has been pursuing his rights with reasonable diligence and some extraordinary circumstance (such as serious attorney misconduct) prevented the timely filing of the petition, Holland v. Florida, 560 U.S. 631, 649 (2010); or 2) petitioner offers a "credible" or "convincing" claim of actual innocence.  McQuiggin v. Perkins, 569 U.S. 383 (2013).

The Response, ECF no. 6, sets out the timeline of these matters, and the relevant records are at ECF nos. 7 and 8. In <u>Commonwealth v. Brown</u>, CP-41-CR-1017-2018 (C.P.Lycoming), Brown was convicted after a nonjury trial on a charge of burglary and other offenses and was sentenced on December 5, 2019, to an aggregate 3-6 years imprisonment. On counseled direct appeal, Brown raised only one claim, that the trial had erred in not finding the trial had been untimely under Pa.R.Crim.P. 600: Brown did not raise a Sixth Amendment Speedy trial claim. The Pennsylvania Superior Court affirmed Brown's conviction and sentence at <u>Commonwealth v. Brown</u>, 237 A.3d 495 (table, text at No. 2091 MDA 2019, 2020 WL 2790449 (Pa.Super. May 29, 2020), and the Pennsylvania Supreme Court denied Brown's petition for allowance of appeal without opinion. <u>Commonwealth v. Brown</u>, 243 A.3d 731, 732 (table)(Pa. December 30,2020). The 90-day period for filing a petition for a writ of certiorari in the Supreme Court expired on March 30, 2021. At that point Brown's sentence became a final judgment under AEDPA and the limitations period began running under 28 U.S.C. § 2244(d)(1)(A).

Brown filed a timely *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, on May 10, 2021, 41 days later. In the PCRA petition Brown alleged that his counsel had been ineffective for not raising a Sixth Amendment claim with the Rule 600 claim. This properly filed collateral attack tolled the limitations period. The trial court appointed counsel who filed a no merit letter and moved to withdraw, believing that the *pro se* petition only raised a Rule 600 claim. The trial court ordered appointed counsel to address the Sixth Amendment claim, and after reviewing an amended no merit letter ultimately granted the motion to withdraw and denied the petition on March 14, 2022. Brown filed a *pro se* notice of appeal, but the Pennsylvania Superior Court dismissed it for failure to file a brief on August 10, 2022. <u>Commonwealth v. Brown</u>, No. 652 MDA 2022 (Pa.Super. August 10, 2022).

At this point Brown's collateral attack was no longer "pending" and the limitations period began running again. <u>Lawrence v. Florida</u>, 549 U.S. 327, 333. It expired 324 days later on June 30, 2022. The petition was filed before that and is therefore timely.

The petition is meritless. First, Brown raised no claim of a violation of the right to represent himself in the state court. As for the claim of ineffectiveness that he did raise, a state law Rule 600 claim and a Sixth Amendment Speedy Trial Clause claim are obviously both directed to the timeliness of trial, but they are quite distinct. *See* <u>Wells v. Petsock</u>, 941 F.2d 253, 256 (3d Cir. 1991). As the Supreme Court pointed out in <u>Barker v. Wingo</u>, 407 U.S. 514, 523 (1972), states are free to prescribe specific rules but there is no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months. It is not ineffective assistance of counsel to decline to assert a Sixth Amendment claim whenever counsel asserts a Rule 600 violation.

In a case where there is a colorable Sixth Amendment claim it must be fairly presented to the state courts to exhaust it: even when a state law claim and federal claim are similar, presentation of a state law claim does not exhaust the federal claim. Duncan v. Henry, 513 U.S. 364, 366 (1995). Brown did not attempt to exhaust a federal claim on direct appeal, and his failure to file a brief defaulted any federal claim he might have been able to exhaust on collateral review. Brown is responsible for his default because it occurred at a stage where he had no Sixth Amendment right to assistance of counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)(Sixth Amendment right to appointed counsel extends to the first appeal of right, and no further.)

As for the petition attacking the sentence in Commonwealth v. Brown, CP-41-CR-1095-2021 (C.P.Lycoming), it too is timely and in three of its four claims suffers from the defects noted above, but petitioner has not yet exhausted his state court remedies. Brown was sentenced on August 8, 2022 to an aggregate 30-72 months, after a counseled *nolo contendere* pleas to a number of criminal trespass charges. Brown attempted to file a *pro se* appeal which was ignored because he was represented by counsel. This appears to be the basis for the fourth claim in the petition, that Brown was denied the right to represent himself. Brown filed a timely PCRA petition on March 1, 2023. It is doubtful that it raises the claim the denial of self-representation claim presented here and primarily makes sovereign citizen claims, plus what might be a claim that the plea agreement was not honored because the sentence imposed did not specify that it was concurrent to an earlier one. The trial court appointed counsel, and the matter was scheduled for a hearing on counsel's no merit letter and motion to withdraw on July 14, 2023. That is obviously well after the habeas petition was filed.

Regardless of any result of the July 14 hearing, because petitioner had not exhausted his state court remedies before filing his habeas petition, his fourth claim is unexhausted. AEDPA commands that relief on such a claim "shall not be granted," 28 U.S.C.§ 2254(b)(1). AEDPA permits me to deny the claim, 28 U.S.C.§ 2254(b)(2), but there is no reason to foreclose any claim that Brown might have if he is denied relief in the state courts. The petition insofar as it attacks the sentence in Commonwealth v. Brown, Case No. CR-1095-2021 (C.P.Lycoming) is denied without prejudice as unexhausted.

A certificate of appealability should not be issued unless a habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in Slack v. McDaniel, 529 U.S. 473, 484 (2000), that:

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

A substantial showing is not synonymous with success: a petitioner need only show that jurists of reason would debate the correctness of the district court's denial of a habeas petition. *See* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Hickox v. Superintendent Benner Twp. SCI, 2020 WL 6437411, at *1 (3d Cir. Oct. 29, 2020).  At the same time, it is more than good faith or the absence of frivolity on the part of the petitioner. Miller-El v. Cockrell, 537 U.S. at 338. There is no colorable exhausted claim in the petition, and no certificate of appealability is issued.

The Clerk shall mark this matter closed. This is a final appealable order.


DATE:  July 28, 2023

_____
Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Niare Lamar Brown QA-3056
S.C.I. Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, PA 15501